16-CV-24904-WILLIAMS/SIMONTON

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT COURT OF FLORIDA

FILED by UM D.C.

NOV 23 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

| RICHARD DEAN ALLEN<br>PLAINTIFF<br><br>VS.<br><br>OFFICER JAVIER GONZALES, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,<br>CITY OF MIAMI POLICE DEPARTMENT, And<br>CITY OF MIAMI<br>DEFENDANTS | CIVIL RIGHTS COMPLAINT<br>(42 U.S.C. §1983)<br><br><br>CIVIL NO. _____ |
|---|---|

## INTRODUCTION

Richard Dean Allen of Florida hereby asserts the following claims against the Defendants in the above-titled action:

1. Violation of 42 U.S.C. 1983: arrest
2. Violation of 42 U.S.C. 1983: detention and confinement
3. Violation of 42 U.S.C. 1983: conspiracy
4. Violation of 42 U.S.C. 1983: refusing or neglecting to prevent
5. Malicious prosecution
6. False arrest and imprisonment
7. Assault
8. Battery
9. Intentional infliction of emotional distress

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. sec. 1983; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff Richard Dean Allen ["Allen"] is a natural person residing at 5055 N.W. 7th Street Apt W201, County of Miami-Dade, Miami, Fl 33126, United States of America; was a resident of Florida during all relevant time of this action.
4. Defendant Officer Javier Gonzalez, who is a natural person and the named complainant in the Criminal Complaint, Docket Number F15-815 in The Miami-Dade County Criminal Court, was a resident of Miami-Dade County, Florida, United States of America, and a duly-appointed police officer in the City of Miami Police Department, with officer ID number 2454 at all times relevant to this Complaint.
5. Defendant City of Miami-Dade is a Municipal Corporation, organized under the laws of the State of Florida. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby. It was also the public employer of Defendant Officer Javier Gonzalez at all times relevant to this Complaint.
6. Defendant John Doe and others not presently known to the Plaintiff were, at all times material to this Complaint, duly-appointed City of Miami Police Department officers of unknown rank and supervisors of Officer Javier Gonzalez.
7. Plaintiff sues all public employees in their official and individual capacities.
8. At all times material to this Complaint, Defendant Officer Javier Gonzalez acted toward the Plaintiff under color of the statutes, ordinances, customs, and usage of the State of Florida, City of Miami-Dade, and the City of Miami Police Department.

## FACTS

9. On January 12, 2015, Plaintiff Richard Dean Allen was walking towards his residence along a public road at approximately 2:30 p.m.
10. Officer Javier Gonzalez approached in a Department Sport Utility vehicle, rapidly exited the vehicle, and ran up behind the Plaintiff and grabbed him around the neck from behind, and shoved the Plaintiff onto hood of the Department Sport Utility Vehicle.
11. Officer Javier Gonzalez continued to batter the Plaintiff, digging his finger nails into the Plaintiff's neck causing the Plaintiff's neck to bleed.
12. Office Javier Gonzalez knocked Plaintiff Allen's glasses from his face causing a laceration to the Plaintiff's eye lid.

13. Officer Javier Gonzalez sat the Plaintiff on the curb while he was processing paperwork.
14. Plaintiff Richard Dean Allen requested that Officer Gonzalez call EMS and he was informed by Officer Javier Gonzalez that medical treatment would not be provided until he was transported to the precinct.
15. Officer Javier Gonzalez placed the Plaintiff under arrest and took the Plaintiff to the 4th Street sub-station for processing.
16. Officer Javier Gonzalez personally transported the Plaintiff in the front seat of his K-9 unit with the dog in the vehicle instead of requesting that another officer transport the Plaintiff in a more appropriate vehicle.
17. Plaintiff Allen was complaining of difficulty breathing and fire/rescue was finally dispatched to the location.
18. Plaintiff Allen requested transportation to the hospital due to difficulty breathing and to have the lacerations on his neck and eyelid treated by a doctor.
19. Officer Javier Gonzalez informed fire/rescue that he didn't feel a trip to the hospital was medically necessary but was informed by fire/rescue they had the authority and due to the nature of the Plaintiff's injuries they were going to transport Plaintiff Allen to the hospital.
20. Plaintiff was transported to hospital.
21. Plaintiff was examined by the attending physician and various tests were performed on the Plaintiff.
22. Medical records verify Plaintiff's injuries.
23. Plaintiff was released from the hospital and booked into the Miami-Dade County Jail charged with (1) Possession of suspected cocaine 893.13 (2) Resisting Police Officer without violence 843.02 and (3) destruction of evidence 918.13.
24. Plaintiff Richard Dean Allen was booked into the TGK Jail at approximately 10:00p.m on January 12, 2015.
25. Plaintiff Richard Dean Allen was arraigned at approximately 8:30 a.m on January 13, 2015.
26. Plaintiff Richard Dean Allen was taken by van and dropped off on the street by the 12th street jail at approximately 3:00 a.m. on January 14, 2015.
27. Jail personnel left Plaintiff Richard Dean Allen's personal possessions on the sidewalk outside the 12th street jail.
28. On February 11, 2015, all three charges against the Plaintiff Richard Dean Allen were dismissed by the State's attorney.

**COUNT 1: VIOLATIONS OF 42 U.S.C. §1983: ARREST**

29. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.
30. At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §1983.
31. Acting under the color of law, Defendants worked a denial of Allen's rights, privileges or immunities secured by the United States Constitution or by Federal law, 1 to wit,

> 1 Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989).

   a) By depriving Allen of his liberty without due process of law, by taking him into custody and holding him there against his will, 2

   > 2. County of Sacramento v. Lewis. 523 U.S. 837 (1998); Youngberg v. Romeo 457 U.S. 307, 315 (1982); Williams v. Hartman. 413 Mass, 398, 403 (1992).

   b) By making an unreasonable search and seizure of his property without due process of law,
   c) By conspiring for the purpose of impeding the due course of justice, with intent to deny Allen equal protection of laws,
   d) By refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. 3

   > 3. Bell v. Wolfish, 441 U.S. 520, 535 n. 16(1979) (deprivation of pretrial detainee's substantive due process rights where state seeks to impose punishment without a constitutional adjudication of guilt).

## COUNT 2: VIOLATIONS OF 42 U.S.C. §1983: DETENTION AND CONFINEMENT

32. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.
33. As a result of their **concerted unlawful and malicious detention and confinement** of Richard Dean Allen, Defendants Officer Javier Gonzalez, City of Miami Police Department, and the City of Miami deprived Richard Dean Allen of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special,

compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 3: VIOLATIONS OF 42 U.S.C. §1983: CONSPIRACY

34. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.
35. As a result of their **concerted unlawful and malicious conspiracy** Defendants Javier Gonzalez, , City of Miami Police Department, and the City of Miami deprived Richard Dean Allen of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, and such other relief deemed to be just and equitable.

### COUNT 4: VIOLATIONS OF 42 U.S.C. §1983: REFUSING OR NEGLECTING TO PREVENT

36. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.
37. At all times relevant to this Complaint, Defendant Officer Javier Gonzalez of the City of Miami Police Department was acting under the direction and control Defendant City of Miami Police Department, and the City of Miami.
38. Acting under color of law and pursuant to official policy or custom, Officer Javier Gonzalez and the City of Miami knowingly, recklessly, or with

gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officer in his duties to refrain from:

a. unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

b. unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

   c. conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Florida; and

d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

39. Defendants Officer Javier Gonzalez, Defendant, City of Miami Police Department, and the City of Miami had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged. were about to be committed. Defendants Defendant, City of Miami Police Department, and the City of Miami had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

40. Defendants J.D. Patterson, City of Miami Police Department, and the City of Miami-Dade directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

41. As a direct and proximate cause of the negligent and intentional acts of Officer Javier Gonzalez, City of Miami Police Department, and the City of Miami as set forth in paragraphs 10-12 above. Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory

rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, and such other relief deemed to be just and equitable.

## COUNT 5: MALICIOUS PROSECUTION

42. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.
43. Defendants instituted criminal process against the plaintiff with malice:

   a) Officer Javier Gonzalez played an active part in the initiation of the criminal proceedings;

   b) Officer Javier Gonzalez signed the criminal complaint against Allen.

44. The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Richard Dean Allen was guilty.[4]

   > [4] Nolan and Sartono, 37 MPS Torts, sec. 79, pg. 98 (2d ed 1989 8 1993 Supp.).

   (a) Defendants Officer Javier Gonzalez had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, knowing that

   i. Allen was not in possession of cocaine.

  ii. Allen had no opportunity to destroy evidence as he was immediately restrained by Officer Javier Gonzalez.

## COUNT 6: FALSE ARREST AND IMPRISONMENT

45. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.

46. At all times relevant herein, (a) the Defendants acted with the intention of confining Richard Dean Allen within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Richard Dean Allen was conscious of the confinernent.[5]

> [5] Restatement (Second) *Torts*, sec. 35. see Foley v Polaroid Corp_ 400 Mass. 82. 89-92 (1987); Nolan & Sartorio, 37 M.P.S., Torts, sec. 79, pg. 96 (2d ed. 1989 & 1993 Supp.).

47. Defendants Officer Javier Gonzalez imposed by force or threats an unlawful restraint upon his freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the 4th street prescient where he was detained in a cell.[6]

> [6] Simpson and Alperin, *Summary* of *Basic Law*, secs. 1841

48. As a direct and proximate result of the conduct of the Defendants, Richard Dean Allen suffered harm and damages including but not limited to the aforesaid damages.

49. City of Miami Police Department, and the City of Miamie are liable under the doctrine of respondent superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair and appropriate.

## COUNT 7: ASSAULT

50. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.
51. Richard Dean Allen is a reasonable person.
52. Defendant Officer Javier Gonzalez intentionally created an apprehension of immediate physical harm by means of an overt gesture, to wit, approaching Richard Dean Allen, screaming for no known purpose other than to create in Allen an apprehension of immediate physical harm.[7]

[7] Nolan & Sartori°. 37 &APS , *Torts,* sec 12. p 6 (2d ad. 1989 and 1993) Supp ), Restatement (Second) *Torts.* sec. 21.

53. Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.
54. Defendants City of Miami Police Department, and the City of Miami-Dade are liable under the doctrine of respondent superior.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Javier Gonzaleaz, , City of Miami Police Department, and the City of Miami for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 8: BATTERY

55. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.
56. Without the consent of Richard Dean Allen, Defendants Officer Javier Gonzalez harmfully, and offensively touched Richard Dean Allen by aggressively grabbing Allen around his neck, knocking Allen's glasses off his face, shoving him against the hood of the police vehicle and handcuffing him.[8]

[8] W.P. Keeton Torts, Section 9, at 41 (5th ed. 1984); Horton v. Reaves, 186 Colo. 149, 155 (1974).

57. Without the consent of Richard Dean Allen, Defendants Officer Javier Gonzalez indirectly caused an unknown corrections officer at the County jail to intentionally, harmfully, and offensively touch Smith when searching him.
58. City of Miami Police Department, and the City of Miami are liable under the doctrine of respondent superior.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Javier Gonzaleaz, , City of Miami Police Department, and the City of Miami for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 9: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above with same force and effect as if herein set forth.
60. Defendants intentionally and deliberately inflicted emotional distress on Richard dean Allen by maliciously prosecuting Allen, or by abusing the lawful process by unlawful purpose, or by violating Allen's constitutional rights, or by falsely arresting and imprisoning the plaintiff, or by interfering with Allen's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.
61. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.
62. The actions of the Defendants were the cause of Richard Dean Allen's distress.
63. Richard Dean Allen is a reasonable man.
64. The emotional distress sustained by Richard Dean Allen was severe and of a nature that no reasonable man could be expected to endure.[9]

---

[9] Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994)

---

65. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.[10]

10" IIED arises when a defendant (i) engages in "extreme and outrageous" conduct that (ii) intentionally or recklessly (iii) causes (iv) severe emotional distress to another. *Creel v. I.C.E. Assoc., Inc.*, 771 N.E.2d 1276, 1282 (Ind. Ct. App. 2002); *Haegert v. McMullan*, No. 82A01-1008-CT-470, 2011 WL 4349391, at *10 (Ind. Ct. App. Sept. 19, 2011).

As a result of the Defendants' extreme and outrageous conduct, Richard Dean Allen has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

66. Defendants City of Miami Police Department, and the City of Miami are liable under the doctrine of respondent superior.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants Officer Javier Gonzaleaz, City of Miami Police Department, and the City of Miami in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Respectfully Submitted by

*/s/ Richard Dean Allen*
Richard Dean Allen
5055 N.W. 7th Street Apt. W201
Miami, Fl 33126
(305) 448-4434

## PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____